UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA WILLIAMS,<br><br>   Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>   Defendant. | No. 2:17-cv-262-EFB<br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") terminating her previously granted Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI) under Titles II and XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 16, 18. For the reasons discussed below, plaintiff's motion is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I.   Background

On December 22, 2008, plaintiff was found to be disabled and was awarded DIB and SSI benefits. *Id*. at 21, 112. On February 6, 2013, the Social Security Administration determined that she was no longer disabled as of February 1, 2013. *Id*. at 112-15. Plaintiff requested reconsideration of that decision, which was denied. 116-40. Plaintiff subsequently requested a

1

hearing before an administrative law judge ("ALJ"). *Id*. at 147. On January 28, 2015, a hearing was held before ALJ Odell Grooms.[1] *Id*. at 37-81. Plaintiff was represented by counsel at the hearing, at which she and a vocational expert ("VE") testified. *Id*.

On May 18, 2015, the ALJ issued a decision finding that plaintiff was no longer disabled under sections 216(i), 223(f), and 1614(a)(3)(A) of the Act.[2] *Id*. at 21-31. The ALJ made the following specific findings:

1. The most recent favorable medical decision finding that the claimant was disabled is the determination dated December 22, 2008. This is known as the "comparison point decision" or CPD.

2. At the time of the CPD, the claimant had the following medically determinable impairments: major depression. This impairment was found to meet section 12.04 of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 416.920(d).

3. As of February 1, 2013, the date the claimant's disability ended, the claimant had not engaged in substantial gainful activity (20 CFR 404.1594(f)(1)).

4. The medical evidence establishes that the claimant currently has the following medically determinable impairments: Major Depression and Post-Traumatic Stress Disorder (PTSD).

5. Since February 1, 2013, the claimant has not had an impairment or combination of impairments which meets or medically equals the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).

---

[1] A hearing was initially held on September 17, 2014, but the matter was continued to allow plaintiff to obtain counsel. AR 82-95.

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).

A person previously found to be disabled is no longer entitled to benefits when substantial evidence demonstrates "there has been any medical improvement in the individual's impairment or combination of impairments" and "the individual is now able to engage in substantial gainful activity." 42 U.S.C. § 423(f)(1). "To determine whether there has been medical improvement, an administrative law judge (ALJ) must compare the current medical severity of the claimant's impairments to the medical severity of the impairment at the time of the most recent favorable medical decision that the claimant was disabled or continued to be disabled." *Attmore v. Colvin*, 827 F.3d 872, 873 (9th Cir. 2016) (quotations omitted); *see also* 20 C.F.R. §§ 404.1594(f)(1)-(8), 416.994(b)(5)(i-vii).

\* \* \*

6. Medical improvement occurred as of February 1, 2013 (20 CFR 404.1594(b)(1) and 416.994(b)(1)(i)).

\* \* \*

7. The medical improvement is related to the ability to work because, as of February 1, 2013, the claimant no longer had an impairment or combination of impairments that met or medically equaled the same listing that was met at the time of the CPD (20 CFR 404.1594(c)(3)(ii) and 416.994(b)(2)(iv)(A)).

\* \* \*

8. Beginning on February 1, 2013, the claimant's impairments have continued to be severe (20 CFR 404.1594(f)(6) and 416.944(b)(5)(v)).

\* \* \*

9. After careful consideration of the entire record, the undersigned finds that, beginning on February 1, 2013, the claimant has had the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: she is able to perform simple tasks in a setting with few workplace changes and no more than occasional interaction with the general public, coworkers and supervisors.

\* \* \*

10. Beginning on February 1, 2013, the claimant has been unable to perform past relevant work (20 CFR 404.1565 and 416.965).

\* \* \*

11. On February 1, 2013, the claimant was a younger individual age 18-49 (20 CFR 404.1563 and 416.963).

\* \* \*

12. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

13. Beginning on February 1, 2013, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

/////

14. Beginning on February 1, 2013, considering claimant's age, education, work experience, and residual functional capacity, the claimant has been able to perform a significant number of jobs in the national economy (20 CFR 404.1560(c), 404.1566, 416.960(c) and 416.966).

\* \* \*

15. The claimant's disability ended on February 1, 2013, and the claimant has not become disabled against since that date (20 CFR 404.1594(f)(8) and 416.994(b)(5)(vii)).

*Id*. at 23-31.

Plaintiff's requested for Appeals Council review was denied on December 8, 2016, leaving the ALJ's decision as the final decision of the Commissioner. *Id*. at 1-5.

II. Legal Standards

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. Analysis

Plaintiff argues that the ALJ erred in (1) giving little weight to her treating physician's opinion absent legally sufficient reasons, (2) rejecting the opinion of her physician's assistant without explanation, (3) failing to offer legally sufficient reasons for discounting her credibility, (4) failing to consider limitations imposed by her migraine headaches, (5) evaluating third-party statements, (6) posing an incomplete hypothetical to the vocational expert, and (7) relying on the Medical-Vocational Guidelines. ECF No. 16 at 16-26. As discussed below, the matter must be remanded due to the ALJ's failure to provide legally sufficient reasons for rejecting the opinion of plaintiff's treating physician. The court declines to reach plaintiff's other arguments.

A. Relevant Legal Standards

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester*, 81 F.3d at 834. Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining medical professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence. *Id.* at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

/////

B.  Background

Beginning in September 2013, plaintiff received mental health treatment from psychiatrist Dr. Joseph Marzano, physician assistant Brittany McGinty, a nurse practitioner, and licensed clinical social worker at the Wellness & Recover Center in Sacramento, California. AR 633,644. Dr. Marzano and Ms. McGinty completed a mental impairment questionnaire, which assessed plaintiff's work-related limitations. *Id*. at 633-38. Plaintiff was diagnosed with major depressive disorder, recurrent episodes unspecified. Treating records noted that plaintiff's symptoms included: anhedonia, appetite disturbance, decreased energy, generalized persistent anxiety, mood disturbance, difficulty thinking or concentrating, persistent disturbance of mood or affect, apprehensive expectation, recurrent obsession or compulsion which distress, emotional withdrawal or isolation, easy distractibility, memory impairment, and sleep disturbance. *Id*. at 634.

It was the opinion of both Dr. Marzano and Ms. McGinty that plaintiff had moderate limitations in activities of daily living, none-to-mild limitations in social function, marked difficulties in maintaining concentration, persistence, or pace, and that her symptoms would cause her to miss more than four days of work per month. *Id*. at 637-38. They further opined that plaintiff had a complete inability to function independently outside her home due to an anxiety disorder and that she has a medically documented history of a chronic organic mental, schizophrenic, or affective disorder of at least two years' duration that has caused more than a minimal limitation of her ability to do any basic work activity, with symptoms or signs currently attenuated by medication or psychosocial support, and three episodes of decompensation within 12 months, each lasting two weeks long. *Id*. at 637.

Dr. Marzano also submitted a letter, in which he stated that when he first started treating plaintiff she met the full criteria for major depressive disorder, recurrent. *Id*. at 666. He noted that the diagnosis was based on plaintiff's symptoms of depressed moods, mood swings, anxiety, poor concentration, racing thoughts, paranoia, insomnia, and poor memory. *Id*. Dr. Marzano noted that plaintiff had experienced improvement with medication, but she "has never achieved

/////

full remission" and "continues to meet full criteria for Major Depressive Disorder," requiring her to remain under the care of a psychiatrist. *Id*.

Plaintiff also underwent a comprehensive psychiatric evaluation, which was conducted by Dr. Bradley Daigle. *Id*. at 490-95. Dr. Daigle diagnosed plaintiff with mild post-traumatic stress disorder, currently untreated,[3] and opined that she was not significantly limited in understanding, remembering, and carrying out simple 1 or 2-step job instructions and following detailed and complex instructions; slightly to moderately limited in relating and interacting with supervisors, co-workers and the public; maintaining concentration and attention, persistence and pace; associating with day-to-day work activities, including attendance and safety; and moderately limited in adapting to the stress common to a normal work environment. *Id*. at 494-95.

Two non-examining physicians, Dr. D. Funkenstein and Dr. F. Mateus, also provided opinions based on a review of plaintiff's medical records. *Id*. at 497-510, 520-33. Dr. Funkenstein opined that plaintiff was not significantly limited in understanding, remembering, and carrying out both simple and detailed instructions; performing activities within a schedule, maintaining regular attendance and being punctual within customary tolerance; sustaining an ordinary routine without special supervision; making simple work-related decisions; getting along with coworkers or peers without distracting them; maintaining socially appropriate behavior and adhering to basic standards of neatness and cleanliness; and setting realistic goals and making plans independently. *Id*. at 508-09. Dr. Funkenstein further opined that plaintiff was moderately limited in working in coordination with or proximity to others without being distracted; completing a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number of rest periods; interacting appropriately with the general public; accepting instructions and responding appropriately to criticism from supervisors; and responding appropriately to changes in the work setting. *Id*. Dr. Mateus largely agreed with Dr. Funkenstein's opinion, but concluded that plaintiff has moderate, as oppose to not significant, limitations in understanding, remembering,

---

[3] Plaintiff was pregnant at the time of the evaluation and reported that her physician discontinued Zoloft when she became pregnant. AR 491.

7

and carrying out detailed instructions, and was not significantly limited in accepting instructions and responding appropriately to criticism from supervisors. *Id*. at 531-32.

In finding that plaintiff's mental impairments had sufficiently improved to render her not disabled, the ALJ "gave great" weight to Dr. Daigle's opinion and "significant weight" to Dr. Mateus and Dr. Funkenstein's opinions, while according "little weight" to Dr. Marzano's treating opinion. *Id*. at 28-29.

C. Discussion

Plaintiff contends that the ALJ erred by failing to provide legally sufficient reasons for rejecting Dr. Marzano's opinion. ECF No. 16 at 16-20. Because Dr. Marzano's opinion was contradicted by the other medical opinions of record, the ALJ was required to provide specific and legitimate reasons supported by substantial evidence for rejecting his treating opinion. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

In his decision, the ALJ summarized Dr. Marzano's opinion and then provided the following explanation for his treatment of the physician's opinion: "I assign little weight to Dr. Marzano's opinion as it is not supported by relevant evidence. His treatment notes do not support such restrictions." AR 28-29. The ALJ's conclusory findings, without any explanation, falls far short of satisfying the specific and legitimate standard. An ALJ may satisfy his burden of providing specific and legitimate reasons for rejecting a contradicted medical opinion "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Trevizo v. Berryhill*, 871 F.3d 664,675 (9th Cir. 2017). As explained by the Ninth Circuit:

> To say that medical opinions are not supported by sufficient objective findings does not achieve the level of specificity our prior cases have required even when the objective factors are listed seriatim. The ALJ must do more than offer his own conclusions. He must set forth his own interpretation and explain why he, rather than the doctors, are correct.

*Regenniter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999).

Here, the ALJ failed to do more than merely offer his own conclusion that Dr. Marzano's opinion was not supported by evidence and the physician's own treatment notes. The ALJ did not

8

identify any evidence that was contrary to Dr. Marzano's opinion, nor did he discuss any of the treatment notes that were purportedly inconsistent with the physician's opinion. Consequently, the ALJ improperly rejected Dr. Marzano's opinion. *See Trevizo*, 871 F.3d at 677 ("Far from setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretations thereof, and making findings, the ALJ pointed to nothing in Dr. Galhotra's treatment notes or elsewhere in the clinical record that contradicted the treating physician's opinion.").

### D. Remand for Further Proceedings

"A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (internal quotes and citations omitted). A district court may remand for immediate payment of benefits only where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) there are no outstanding issues that must be resolved before determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke v. Barnhart*, 379 F.3d 587, 563 (9th Cir. 2004). However, even where all three requirements are satisfied, the court retains "flexibility" in determining the appropriate remedy. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). "Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits." *Dominguez*, 808 F.3d at 407.

Given the conflicting medical opinions, as set forth above, the court cannot find that further administrative proceedings would serve no useful purpose. Accordingly, remand for further proceedings is appropriate.

### IV. CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3.  The matter is remanded for further consideration consistent with this opinion; and

4.  The Clerk is directed to enter judgment in the plaintiff's favor and close the case.

DATED: September 19, 2018.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE